(No. 3709—

WILLIAM H. REHMSTEDT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

SNELL & SEYFRIT, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

William H. Rehmstedt, claimant, a resident of Mt. Olive, Illinois, while employed by the Division of Highways as a laborer and engaged in such work, was injured on December 4, 1941. Claimant seeks damages in the sum of Four Hundred Fifty Dollars ($450.00) for total and permanent disability of the little finger on his left hand and total and permanent disability of the third finger on his left hand.

The record in this case consists of the complaint, report of the Division of Highways, report of Dr. G. A. Floreth, and stipulation by the respective parties that the report of the Department of Public Works and Buildings and the report of Dr. G. A. Floreth constitute a part of the record in this case. It is further stipulated that Dr. G. A. Floreth of Mt. Olive, Illinois, is a reputable and qualified physician.

The report of the Division of Highways sets forth that on December 4, 1941, claimant was engaged in crushing concrete for the division in the northwest part of Mt. Olive about one block from U. S. Route 66; that while so working his finger was caught between the concrete and the edge of a hopper and injured; that the Division had knowledge of the accident on the same day it occurred; that claimant was taken immediately to the office of Dr. G. A. Floreth where he received medical treatment; that on January 26, 1942, Dr. Floreth reported to the Division that claimant would be able to resume work on February 5, 1942; that permanent disability was expected and stiffness and disfigurement at site of fracture. Dr. Floreth did not report the fracture of any finger except the little finger of the left hand. The division paid compensation for temporary total disability until February 4, 1942, and the charges of Dr. Floreth for services rendered claimant were paid by the division.

The record report of Dr. Floreth states that

"This is to certify that I have examined Mr. Rehmstedt's left hand. I find the 2d joint of little finger of left hand, complete anchylosis, this leaves a practically total loss of little finger."

No jurisdictional questions are involved, and claimant is entitled to the benefits of the Workmen's Compensation Act.

The record shows that claimant worked at a wage rate of Fifty Cents an hour and that employees engaged in the same capacity in which claimant was engaged at the time of the accident in question worked for the division less than 200 days a year. Claimant's average weekly wage was, therefore, Fifteen Dollars and Thirty-eight Cents ($15.38) a week, and claimant is entitled, under the Workmen's Compensation Act, to recover the sum of $7.69 per week for 20 weeks, plus 10%, or a total of $169.18 for the total loss of the use of the fourth finger of his left hand.

An award is, therefore, entered in favor of claimant in the sum of One Hundred Sixty-nine Dollars and Eighteen Cents ($169.18), all of which is accrued and payable forthwith.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.